1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THEODORE MARTIN | CASE NO. C12-1004-RSM |
| Plaintiff, | ORDER GRANTING DISMISSAL |
| v. | |
| UNITED ASSOCIATION LOCAL 32 OF THE PLUMBERS AND PIPEFITTERS UNION | |
| Defendant. | |

This matter comes before the Court on defendant United Association Local 32 of the Plumbers and Pipe Fitters Union's ("Local 32") motion to dismiss pursuant to Rule 12(b)(6). Dkt. # 3.  Local 32 asks the Court to dismiss *pro se* plaintiff Theodore Martin's complaint without prejudice.  For the reasons stated below, the Court Grants the motion without prejudice and grants Plaintiff leave to amend.

## I. INTRODUCTION

Plaintiff Theodore Martin filed suit against defendants Local 32 and John and Jane Does 1-100 for alleged violations of Title VII, 42 U.S.C. 1981, and RCW 49.60.  Plaintiff is an

African American journeyman plumber and has been a member of Local 32 for approximately

thirty years.  Mr. Martin joined Local 32 through a contract that required him to pay dues in

exchange for "training, support services, [and] dispatches to job assignments as [a] member of

defendant's union." Dkt # 1, ¶ 3.4.  He makes numerous allegations against Local 32 related to

systemic racism and disparate treatment.  He asserts that African American members of Local 32

were "substantially less likely to be dispatched, trained, certified, and provided fair

representation services . . ." than Caucasian union members, and that Local 32 denied him equal

access to union services, jobs, and training. *Id.* at ¶¶ 3.2, 3.5-3.6.

Local 32 moves the Court to dismiss plaintiff's complaint for failure to state a claim

under Rule 12(b)(6), contending that the complaint is devoid of sufficient factual information to

survive a motion to dismiss.  Noting plaintiff's *pro se* status, Local 32 states that dismissal

without prejudice is warranted in this case.

## II. DISCUSSION

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the

plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)).  A claim is facially plausible if the plaintiff has pled "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly,* 550 U.S. 556).  In making this assessment, the Court accepts all

facts alleged in the complaint as true, and makes all inferences in the light most favorable to the

non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009)

(internal citations omitted); *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir.1999).

The Court is not, however, bound to accept the plaintiff's legal conclusions.  *Iqbal*, 556 U.S. at

1  678.  While detailed factual allegations are not necessary, the plaintiff must provide more than

2  "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."

3  *Twombly*, 550 U.S. at 555.

4          Following this standard, the Court concludes that dismissal is warranted here.  For

5  example, Plaintiff's complaint does not provide any factual support for its broad allegations of

6  disparate treatment or disparate impact.  To prevail on a disparate treatment claim, plaintiff must

7  show (1) that he belongs to a protected class, (2) that he was qualified for the position, (3) that he

8  suffered an adverse action, and (4) that similarly situated individuals outside his protected class

9  were treated more favorably. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006).  Here, Plaintiff's

10  complaint fails to specify whether he was qualified for any of the jobs the union declined to

11  dispatch him to.  It also fails to specify which jobs Local 32 denied him and whether similarly

12  situated union members were dispatched instead.  As alleged, the complaint does not put Local

13  32 on notice of any plausible accusations of disparate treatment.

14          Similarly, Plaintiff's allegation of disparate impact by Local 32's application of its

15  facially neutral policies and procedures fails to state a claim.  To prevail on a disparate impact

16  claim Plaintiff must show (1) that Local 32's practices were outwardly neutral, and (2) that there

17  was a significant adverse or disproportionate impact on persons of a particular type resulting

18  from facially neutral acts or practices. *Palmer v. United States*, 794 F.2d 534, 538 (9th Cir.

19  1986).  The complaint does not identify any particular policy or practice by Local 32, nor does it

20  identify any factual information concerning whether African American members were

21  disproportionately impacted.  The complaint alleges only that Caucasians received job

22  assignments, training, and access to services at a substantially higher rate.  While it may be

23  possible that Plaintiff and other members of Local 32 were treated differently because of their

24

ORDER GRANTING DISMISSAL - 3

race, there is no information alleged from which the Court could determine that it is plausible.  In essence, Plaintiff offers only legal conclusions about Local 32's conduct and the harm endured.  While a complaint need not state detailed factual allegations, it must provide some factual basis "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Plaintiff also contends that Defendants should have brought a motion for a more definite statement under Rule 12(e) and requests the Court to convert the motion to dismiss.  Defendant's Rule 12(b)(6) motion was procedurally proper and the Court declines to convert the motion into one for a more definite statement.  Accordingly, the motion to dismiss is GRANTED.  As leave to amend should be freely given, Plaintiff shall have thirty (30) days to amend his complaint.  Fed. R. Civ. P. 15(a)(2).

## III. CONCLUSION

Having reviewed Defendant's motion, the response and reply thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's motion to dismiss (Dkt. # 3) is GRANTED without prejudice.

(2) Plaintiff shall have thirty (30) days to amend the complaint.

(3) The Clerk is directed to send a copy of this Order to Plaintiff and all counsel of record.

Dated this 27 day of November 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DISMISSAL - 4